JOHN H. McCUNN and another *v.* JOSEPH BARNETT.

The Court of Common Pleas will not examine, upon a *motion*, the regularity of proceedings, whereby a judgment—of which a transcript is filed—has been obtained in the Marine Court.

The remedy, in the Court of Common Pleas, is by appeal; and in case the time for appealing has expired, the Marine Court is empowered, by recent statutes, to grant relief.

An order of the Marine Court vacating a judgment, must be actually entered in that court, before the Court of Common Pleas will entertain a motion to set aside an execution issued thereon.

Where, on a motion to set aside an execution, on the ground that a decision had been made in the Marine Court, vacating the judgment whereon it was issued, it appeared that the decision had not been entered or reduced to the form of an order, in consequence of the loss of papers; it was *held*, that the proper course was to renew the motion below, and apply, in the mean time, to this court, for a stay of proceedings upon the execution.

APPEAL from an order at special term. The facts are stated in the opinion.

*James G. McAdam*, for the defendant.

*James Moncrief*, for the plaintiffs.

BY THE COURT. INGRAHAM, FIRST J.—The appeal in this case is from an order made at special term, denying a motion to set aside proceedings upon a transcript of a judgment recovered in the Marine Court, which had been filed with the county clerk, and execution issued thereon. The defendant denies having been served with the summons in the original action, and also alleges that a motion was made in the Marine Court to set aside the judgment, which had been granted, but the decision had never been entered or served, in consequence of the loss of papers by the court below.

As to the first ground, namely, that the summons was not served on the defendant, it is enough to say that this court has never interfered on motion with the judgments of inferior

courts on account of irregularity in the proceedings below. The law provides the remedy for the review of such proceedings by appeal, and if the defendant will not resort to the mode prescribed by law, he must submit to the consequences. On a motion, the case is not fully presented to the court as it is on the return of the justice. There may be cases where a knowledge of the judgment does not come to the defendant until after the time for appealing has expired, but even then this court has not the power to review the proceedings of the court below by motion. In such a case he is not without remedy, as the court below now has power to give all necessary relief.

As to the second ground, viz., that on the motion made in the court below, the judges set aside the judgment, the answer is, that the defendant's negligence deprives him of any benefit of such order on this motion. He says, the judges of the Marine Court have lost the papers, so that no order could be entered. If no order has been entered, we cannot take any notice of that proceeding. If the papers were lost, the defendant should have at once renewed the motion to that court and obtained the proper order. On an affidavit of the facts, he could have obtained a stay of proceedings here to allow of such renewed motion, and such motion might have been renewed and an order obtained, setting aside the judgment, with much less trouble than has been expended in making this motion and in bringing this appeal. The order appealed from was properly decided at special term. This court cannot undertake to review the practice of inferior courts on motion. Their practice is a matter for their own government, and we shall refuse, on motion, to look behind the judgments, or to inquire into the regularity of the proceedings by which the judgments have been obtained.

The defendant is not without remedy, if he has been defrauded by the officer who served the process, or by the entry of the judgment, through any improper combination against him.

No such allegation, however, can excuse him in this case,

because he had notice from the deputy sheriff of the execution, before the property was advertised, and contented himself by saying he had no property to pay it. His remedy, if he has any, is in the Marine Court.

The order appealed from must be affirmed, with leave to the defendant, on obtaining the order in the court below to set aside the judgment, to renew the motion here.

Ordered accordingly.